UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

CHRISTOPHER WAYNE HIGGINS,

Plaintiff,

v.

CITY OF POCATELLO, an Idaho municipal corporation; CORPORAL TYLER ANDERSON, individually; and OFFICER ANDRES RODRIGUEZ, individually,

Defendants.

Case No. 4:26-cv-00510-AKB

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Before the Court is Plaintiff Christopher Wayne Higgins's Motion to Waive Bond Required Under I.C. § 6-610(2) (Dkt. 1). For the reasons set forth below, the Court waives the bond requirement.

## ANALYSIS

Higgins sues two law enforcement officers, Corporal Tyler Anderson and Officer Andres Rodriguez, and the City of Pocatello (Dkt. 2 at 1–3). Higgins asserts several claims under 42 U.S.C. § 1983 against Anderson and Rodriguez, as well as § 1983 claims against Pocatello for failure to train and supervise and for maintaining or failing to correct unconstitutional policies, customs, or practices (*id*. at 13–22). He also asserts Idaho common-law claims for invasion of privacy and intrusion upon seclusion and trespass to chattels based on Anderson's conduct, for which he alleges Pocatello is vicariously liable (*id*. at 22–25).

Idaho Code § 6-610(2) requires a plaintiff to post bond before initiating suit against a law enforcement officer. Idaho law allows for the waiver of costs, fees, and security for indigents. I.C. § 31-3220. Consequently, if a party files an affidavit stating that he is indigent and unable to pay the costs, fees, and security associated with his case, the court can waive those costs, fees, and security if it finds that the party is indigent. *See* I.C. § 31-3220(2). This statute applies to bonds required under § 6-610. *Clements v. Pocatello Police Dep't*, No. 4:22-CV-00407-DCN, 2023 WL 2354894, at *1 (D. Idaho Mar. 2, 2023).

Here, Higgins submits a Declaration in Support of Motion to Waive Bond or Set at $0 (Dkt. 1-1). Higgins states that, as of August 10, 2026, he was unemployed and had no current income, although he was scheduled to begin full-time employment the following week (*id.* at 1). He reports approximately $2,158 in recurring monthly expenses, consisting of $650 in rent, $60 for a cell phone, $380 for food, $300 for fuel, $680 in child support, and $88 for liability insurance (*id.* at 2). In addition, Higgins owes approximately $3,000 in past-due child support (*id.*). Based on his lack of income at the time of his declaration and his existing financial obligations, Higgins states he does not have sufficient funds available to pay court costs or post a bond (*id.*).

The Court finds, for purposes of Idaho Code § 31-3220, that Higgins is indigent and unable to post the security required by § 6-610. Although Higgins anticipated beginning full-time employment shortly after submitting his declaration, the record does not establish whether he began that employment, what wages he earns, or whether his financial circumstances have otherwise changed. On the record before the Court, Higgins had no income when he submitted his declaration, had recurring monthly expenses of approximately $2,158, and owed approximately $3,000 in past-due child support. Further, Higgins's action primarily asserts federal claims under 42 U.S.C. § 1983, with the bond requirement implicated only by his two state-law claims against

a law enforcement officer. Accordingly, the Court grants Higgins's motion and waives the bond requirement under Idaho Code §§ 6-610 and 31-3220.

**ORDER**

**IT IS ORDERED that:**

1. Plaintiff's Motion to Waive Bond Required Under I.C. § 6-610(2) (Dkt. 1) is **GRANTED**.

DATED: August 20, 2026

Amanda K. Brailsford
U.S. District Court Judge